UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHEL BALDO RISCO,

      Plaintiff,

     v.

WARDEN, FLORIDA SOFT SIDE
SOUTH,  U.S. ATTORNEY
GENERAL,

      Defendants.

_____/

Case No. 2:26-cv-1135-KCD-DNF

## **ORDER**

Petitioner Michel Baldo Risco is a noncitizen currently detained by immigration authorities. He has filed a habeas corpus petition (Doc. 1) and two emergency motions (Docs. 2, 3). Both seek expedited consideration of the habeas petition and an immediate bond hearing. Risco's reasons for requesting immediate action are undeniably serious. He references that his prolonged detention is causing irreparable harm. The Court does not take these allegations lightly. But here is the reality of the situation on the ground: the Court simply lacks the resources to expedite this case. Over the last month alone, this district has been inundated with ***several hundred*** habeas corpus petitions. The vast majority of claimants are, just like Risco, alleging unconstitutional detention. And a great many of them, just like Risco, have been detained for prolonged periods of time.

The Court is doing its level best to work through these cases as efficiently and effectively as possible. But "this is a district court—not a Denny's." *A.A.R.P. v. Trump*, 137 F.4th 391, 394 (5th Cir. 2025) (Ho, J., concurring). And despite what Risco might believe, his petition is not a simple, run-of-the-mill filing. He raises complex legal claims challenging the government's authority to detain him pending removal. Resolving this dispute requires grappling with nuanced issues of statutory interpretation and constitutional due process. The Court cannot simply snap its fingers and arrive at the outcome.

Finally, there is a practical point to make here. When the Court is forced to stop reviewing the merits of these urgent petitions to read, consider, and draft orders resolving ancillary requests for speed—like the motion filed here—the entire process slows down. Diverting our limited judicial resources to address motions to expedite paradoxically ensures that relief for everyone comes slower. The arithmetic of a crowded docket is unforgiving. We cannot put one case on a faster track without inherently and unfairly delaying the rest. Every time a petition is pulled out of order and moved to the front of the line, another petition—perhaps one filed earlier by someone suffering from an equally grave family situation—inevitably gets pushed further back. In a landscape where so many litigants are seeking urgent relief, fairness requires

2

managing the queue with an even hand, rather than allowing a motion to expedite to effectively penalize those who are patiently waiting their turn.

For these reasons, Risco's Motions for Expedited Consideration (Docs. 2, 3) are **DENIED**. The Court will address the underlying petition in due course.

**ORDERED** in Fort Myers, Florida on April 16, 2026.

Kyle C. Dudek
United States District Judge